(INND Rev. 12/23)                                                                                                page 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

[Use this form to sue for employment discrimination. NEATLY print in ink (or type) your answers.]

__deCarlos Freeman__,
[You are the PLAINTIFF, print your full name on this line.]

v.

__Eaton Corporation__,
[The DEFENDANT is who you are suing.]

Case Number __3:24-CV-DRLMGG__
[For a new case in this court, leave blank. The court will assign a case number.]

[The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is VERY IMPORTANT that you include it on everything you send to the court for this case. DO NOT send more than one copy of anything to the court.]

## Amended EMPLOYMENT DISCRIMINATION COMPLAINT

1. My address is: __1519 Miami St. South Bend, IN 46613__

2. My telephone number is: (__574__) __520 3976__

3. The Defendant's address is: __2930 Foundation Dr. South Bend, IN 46628__

4. This action is brought for employment discrimination pursuant to:

    ☒ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.
    [race, color, gender, religion, national origin]

    ☒ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634.

    ☒ Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117.

    ☐ Other: __See Attached__

5. I filed a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission on: __2/28/23__

6. The date on my Notice of Right to Sue letter is: __2/12/24__

7. The date I received my Notice of Right to Sue letter was: __2/12/24__

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]

(INND Rev. 12/23)

page 2

## CLAIMS and FACTS

**DO:** Write a short and plain statement using simple English words and sentences.

**DO NOT:** Quote from cases or statutes, use legal terms, or make legal arguments.

**DO:** Explain when, where, why, and how the defendant discriminated against you.

**DO:** Include every fact necessary to explain your case and describe your injuries or damages.

**DO:** Number any documents you attach and refer to them by number in your complaint.

**DO NOT:** Include social security numbers, dates of birth, or the names of minors.

**DO:** Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. See Attached

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

(INND Rev. 12/23)                                                                                              page 3

**RELIEF** – If you win this case, what do you want the court to order the defendant to do?

_See Attached_

**DOCUMENTS** – I have attached a copy of the following documents:

- ☑ Charge Of Discrimination form filed with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission
- ☑ Notice of Right to Sue letter
- ☑ Other: _Documents already filed_

**FILING FEE** – Are you paying the filing fee?

- ◯ Yes, I am paying the $405.00 filing fee. I understand that I am responsible to notify the defendant about this case as required by Federal Rule of Civil Procedure 4. [*If you want the clerk to sign and seal a summons, you need to prepare the summons and submit it to the clerk.*]
- ◯ No, I am filing a Motion to Proceed In Forma Pauperis and asking the court to notify the defendant about this case.

[*Initial Each Statement*]

- ✓ I will keep a copy of this complaint for my records.
- ✓ I will promptly notify the court of any change of address.
- ✓ I declare **under penalty of perjury** that the statements in this complaint are true.

_____                                  6/4/24
Signature                                                                       Date

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

The Plaintiff's protection for employees exists under state and federal anti-discrimination laws, with valid claims proving evidence, including evidence, including contracts, documents, and witness statements solely in violation of ordinance 8410-93 in which the Plaintiff had a disability and was wrongfully terminated and/or discharged which violates state and federal rules. The plaintiff was accused of missing 32 days of work in which those days were covered by FMLA and short term disability during this period which is a breach of contract and/or public policy violations in which Human Rights determined probable cause. Eaton Corporation violated their own policies, rules, etc. in which the Plaintiff signed during the hiring process. The Plaintiff's rights were violated because he was given an employee handbook that established certain and procedures that they would follow before terminating the plaintiff and the Defendants did not follow their own policies and procedures by taking the proper steps to terminate and/or discharge the Plaintiff. The Plaintiff exhausted his remedies through filing a complaint with Human Rights in which they investigated and gave the Plaintiff a right to sue. This proves the Plaintiff's termination was illegal in Indiana and violates state and federal rules.

This action is brought for employment discrimination pursuant to:

Older Worker Benefit Protection Act ("OWBPA"), Family and Medical Leave Act, Equal Pay Act, Employee Retirement Income Security Act, Worker Adjustment and Retraining Notification Act, False claims Act:

Any other federal, state, or local laws prohibiting, age, sex, race, national origin, disability, or any other forms of discrimination, sexual or other forms of harassment, or any other federal, state, or local laws regulating employment relationships, compensation for employment or the termination of employment relationships; and

Any claims for breach of contract, defamation, tortious interference, detrimental reliance, promissory estoppel, invasion of privacy, wrongful discharge, based on the asserted engagement of any type of protected activity or whistleblowing.

## CLAIMS and FACTS

1. Title VII of the Civil Rights Act of 1964

    Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff under Title VII of the Civil Rights Act of 1964 due to color the Plaintiff a light skinned African American male for harassment, disability, retaliation, age discrimination, and requesting reasonable accommodation for disability while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who was 46 (forty-six) at the time who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

2. Age Discrimination in Employment Act of 1967, 29 U.S.C. && 621 to 634.

      Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff under Age Discrimination in Employment Act of 1967 while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who was 46 (forty-six) at the time who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

3. Americans with Disabilities Act of 1990, 42 U.S.C. && 12112 to 12117.

      Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff under the ADA Act of 1990 while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

4. Older Worker Benefit Protection Act ("OWBPA").

      Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff under the Older Worker Benefit Protection Act ("OWBPA ") while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who was 46 (forty-six) at the who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

5. Family and Medical Leave Act.

      Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

6. Employee Retirement Income Security Act.

      Darrel Foster, human resources, an Eaton Corporation employee, denied the Plaintiff under Employee Retirement Income Security Act, a qualified employee who was wrongfully terminated while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who was 46 (forty-six) at the who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick

approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

7. False claims Act.

   Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff under False claims Act stating "due to 32 (thirty-two) unexcused absences and failure to return to work" while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

8. Harassment.

   Darrel Foster, human resources, an Eaton Corporation employee, committed Harassment and started harassing the Plaintiff verbally on 11/18/22 texting, 1/2/23 texting and 1/9/23 stating return to work they could accommodate my restriction. This is the same restriction that Eaton HR Donna Cheek-puls could not accommodate me in 7/12/21 so I asked Foster to put it in writing what my restriction was and signed by whomever accommodated my injury because he was reckless and negligent in his duties in which he never provided any documentation of the accommodation. On 1/10/23 the Plaintiff returned to work in which Darrel Foster and Angie Godsey refused the Plaintiff written documentation and refused the doctor's restriction forcing the Plaintiff to call his Doctor Mahon's Office confirming he was not to use his righthand, Eaton Ethics, and Stephanie Hahn a lawyer because they forced him to do an unsafe job without accommodating his restriction. On 2/13/23 Foster told me not to come back to work due the fact I was on an opioid. On 2/15/23 he blatantly tried to deceive me stating on the pill bottle the "Dr's orders you are not required to take the medication during work hours so you are able to come to work". The Plaintiff tried to get clarification on the issue and Foster responded wrongfully terminating the Plaintiff while on medical leave on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

9. breach of contract.

   Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff not complying with the rules set out by the contract agreement upon hire while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life

activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

10. Defamation.

    Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff defaming his character to unemployment delaying his payments, other companies, and agencies stating "due to 32 (thirty-two) unexcused absences and failure to return to work" while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

11. tortious interference.

    Darrel Foster, human resources, an Eaton Corporation employee wrongfully terminated the Plaintiff committing tortious interference while the Plaintiff filed a claim with Sedgwick on or about 11/10/22. Foster and other Eaton workers were aware of the contractual relationship. Foster and other Eaton workers intentionally and unjustifiably induced breach of contract by interfering with the claim. And, a subsequent breach by Sedgwick was caused by the Defendant's conduct and damages are Sedgwick has not reported the funds due to the Defendant's or Eaton Corporation does not want to Pay the Plaintiff at all. And, the same issue was with unemployment until they paid me 2 (two) months or more later. While on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

12. detrimental reliance.

    Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff committing detrimental reliance while being on Family and Medical Leave, Short Term Disability, and Workman's Compensation in which he relied on to protect his job and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

13. promissory estoppel.

Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff committing promissory estoppel by making a clear and unambiguous promise. The Plaintiff acted in reliance to the Defendant's promise. The Plaintiff's reliance was reasonable and foreseeable, and the Plaintiff suffered an injury due to reliance on the Defendant's promise while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

14. Invasion of Privacy.

Darrel Foster, human resources, an Eaton Corporation employee, sent Dominic Wilson to Invade my Privacy several times on about December 5th and 16th on me while Foster, Wilson, and other workers were stating I was faking my injury. On 9/12/23 Foster took pictures out of Wilson phone of Wilson and the Plaintiff messages and kept them for his records. On or about 9/26/23 Plaintiff was reached out by Brown and Joseph attempting to collect a false Sedgwick debt which vanished away while they wrongfully terminated the Plaintiff committing while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

15. Wrongful Discharge.

Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff committing Wrongful Discharge while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

16. Whistleblowing.

Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff for Whistleblowing. On 1/10/23 the Plaintiff returned to work in which Darrel Foster and Angie Godsey refused the Plaintiff written documentation and refused the doctor's restriction forcing the Plaintiff to call his Doctor Mahon's Office confirming he was not to use his righthand, Eaton Ethics, and Stephanie Hahn a lawyer because they forced him to do an unsafe job without accommodating his restriction. On about 1/22/23 the Plaintiff filed a charge with EEOC. On 1/31/23 the Plaintiff received a right to sue. And, while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated the Plaintiff

who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

17. Retaliation

Darrel Foster, human resources, an Eaton Corporation employee, wrongfully terminated the Plaintiff committing Retaliation while on Family and Medical Leave, Short Term Disability, and Workman's Compensation and on 2/23/23 terminated who has a physical impairment that substantially limits major life activities, and has a record as such or is regarded of having such impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

## RELIEF

Plaintiff is seeking relief of the damages above for the Pain he has suffered Emotional distress (Plaintiff suffers from anxiety, depression, etc.), impact on his daily life ((Plaintiff has Arthritis in his right hand and thumb affecting his ability to work, enjoy hobbies, maintain a personal relationships with his fiancé who has left him for not being able to perform in bed creating arguments and tension along with money issues and friends and family abandoned him), permanence of injury (Plaintiff will have pain for the rest of his life), the duration of suffering (four years and counting), police incidents, and the severity of the injury (has a substantial impact on the Plaintiff's life to grab, grasp, push, pull, lift, etc. in which Doctors notes can prove the same). Plaintiff is seeking the max claims against the state at $700,000, the max $1,250,000 medical malpractice, and $6,000,000,000 (six billion) for Pain and suffering under loss of enjoyment of life for the physical injury, emotional distress, etc., and any other relief due to the Plaintiff.

impairment while Plaintiff provided every doctor's note and Sedgwick approved his claim to which Darrel Foster disregarded and is reckless and negligent in his actions.

### RELIEF

Plaintiff is seeking relief of the damages above for the Pain he has suffered Emotional distress (Plaintiff suffers from anxiety, depression, etc.), impact on his daily life ((Plaintiff has Arthritis in his right hand and thumb affecting his ability to work, enjoy hobbies, maintain a personal relationships with his fiancé who has left him for not being able to perform in bed creating arguments and tension along with money issues and friends and family abandoned him), permanence of injury (Plaintiff will have pain for the rest of his life), the duration of suffering (four years and counting), police incidents, and the severity of the injury (has a substantial impact on the Plaintiff's life to grab, grasp, push, pull, lift, etc. in which Doctors notes can prove the same). Plaintiff is seeking the max claims against the state at $700,000, the max $1,250,000 medical malpractice, and $6,000,000,000 (six billion) for Pain and suffering under loss of enjoyment of life for the physical injury, emotional distress, etc., and any other relief due to the Plaintiff.