UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DE CARLOS FREEMAN,

    Plaintiff,

v.       CAUSE NO. 3:24-CV-240 DRL-SJF

EATON CORPORATION,

    Defendant.

OPINION AND ORDER

    de Carlos Freeman pursues his second *pro se* case against Eaton Corporation. He says he was unlawfully fired. Eaton moves to dismiss it under Rule 12(b)(6) based, among other theories, on claim preclusion. In addition to the time allotted by local rule, the court ordered him to respond by July 17, 2024 if he wished to pursue this case. Nothing was filed by that deadline or to date, so the court may rule summarily. *See* N.D. Ind. L.R. 7-1(d)(5). In fairness, Mr. Freeman requested more time on July 1, albeit without good cause, so the court reminded him of his obligation to file a response by July 17. The court nevertheless has waited an additional six weeks without any word from Mr. Freeman.

    This is the second case Mr. Freeman has filed against Eaton stemming from his employment with the company. Mr. Freeman's employment with Eaton ended February 23, 2023. He filed his first case against Eaton and a host of individual employees on April 14, 2023 and amended that complaint on July 31, 2023. *See Freeman v. Eaton Corp.*, 2023 U.S. Dist. LEXIS 189957, 2, 5 (N.D. Ind. Oct. 5, 2023). There he alleged that he was suspended based on his race and disability. He advanced Title VII claims for discrimination, retaliation, and hostile environment, disability discrimination under the Americans with Disabilities Act (ADA), and state law claims for defamation and breach of contract. The court dismissed his claims. He did not raise any claims related to his firing.

Here he does—doing so through an amended complaint filed on June 4, 2024. Claim preclusion (sometimes called *res judicata*) bars all claims that were or could have been raised against the parties and their privies in a previous case. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 657 (7th Cir. 2001). Claim preclusion occurs where there is an identity of claims, an identity of parties, and a prior final judgment on the merits. *Daza v. Indiana*, 2 F.4th 681, 683 (7th Cir. 2021).

"[T]wo claims are one for purposes of [claim preclusion when] they are based on the same, or nearly the same, factual allegations." *Bernstein v. Bankert*, 733 F.3d 190, 227 (7th Cir. 2012). The question is whether the claims in each case arise from the same transaction or involve a common nucleus of operative facts. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). "Anything falling within that common nucleus, whether or not actually raised, falls within the scope of the claim and is thus subject to claim preclusion in a later case." *Daza*, 2 F.4th at 684.

In the amended complaint here, reading it liberally as the court must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Mr. Freeman alleges federal claims under Title VII for wrongful termination, discrimination, harassment, and retaliation, disability discrimination under the ADA, age discrimination under the Age Discrimination in Employment Act (ADEA) and the Older Worker Benefit Protection Act, wrongful termination under the Family and Medical Leave Act (FMLA), denial of rights under the Employment Retirement Income Security Act (ERISA), wrongful termination under the False Claims Act, and wrongful termination as a whistleblower. He also advances a variety of state claims.

Mr. Freeman's federal claims here are barred by claim preclusion. He filed his first case nearly two months after his employment with Eaton ended. Although the claims in the two cases at times stem from two separate adverse actions—one suspension and one termination—they all arise from the same common nucleus of his employment, and more particularly his alleged harassment, discrimination, and retaliation. *See Daza*, 2 F.4th at 685 (employee's second attempt to claim discrimination and retaliation

2

was barred by claim preclusion because although not previously alleged, the second claims involved events that existed at the time of the first action).

For instance, his alleged harassment or discrimination in both cases includes events that occurred to him in 2022 and 2023 (even at one point in this second case harkening to events in 2021 likewise covered by the first case). *See Ware v. Ill. Dept. of Corr.*, 827 Fed. Appx. 579, 582 (7th Cir. 2020) (holding that "both operative complaints alleg[ing] actions from the same period" contributed to a finding that claim preclusion barred claims raised in the second suit). There also is an "obvious connection" between the two cases in that, in both, he alleges retaliation for protected actions that he took earlier. *Daza*, 2 F.4th at 684. Indeed, his second charge of discrimination that gives rise to this second suit alludes to an injury in 2021, reinjury in 2022, and Eaton's alleged harassment to return to work; and his first charge of discrimination similarly complained of his request for accommodation in January 2023 after his prior injury. Text messages provided by Mr. Freeman in both cases show contemporaneous communications with human resources in 2022 about his injury and alleged harassment and alleged pressure to return to work.[1] Once more, he alleges that Eaton retaliated against him, just now on the split view that it was the termination that was the adverse act. He cannot split his claims awaiting two right-to-sue letters as he seems to have done here. *See id.*

The parties are the same, and the court's order dismissing Mr. Freeman's claims in his first case is a final judgment on the merits (at least as to the federal claims). *See Green v. Ill. State Bd. of Educ.*, 849 F. Appx. 593, 595 (7th Cir. 2021) (dismissal with prejudice is a final judgment on the merits for purposes of claim preclusion). The federal claims must be dismissed, and the court declines supplemental jurisdiction over the state law claims.

---

[1] Although the exhibits filed in this second suit were attached only to the original and not the amended complaint, with that amended complaint superseding the former, the court construes the record liberally for purposes of understanding Mr. Freeman's claims.

When a complaint fails to state a claim for relief, a plaintiff should ordinarily be given an opportunity to amend the complaint to correct the problem if possible. *See* Fed. R. Civ. P. 15(a); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir. 2008). Here, Mr. Freeman already has taken the opportunity to amend his complaint (after a prior motion to dismiss), and he appears less than interested in pursuing these claims further because he declined to oppose the motion to dismiss, even after prior warning from the court and now an additional six weeks. And another amended complaint would seem futile based on the findings here.

Accordingly, the court GRANTS the motion to dismiss [17], dismissing the federal claims with prejudice and dismissing the state law claims without prejudice. This order terminates the case.

SO ORDERED.

August 30, 2024                                              *s/ Damon R. Leichty*
                                                                           Judge, United States District Court